**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **RICHARD KISER,** ) | **CASE NO. 1:19 CV 2406** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| **v.** ) | |
| ) | **OPINION AND ORDER** |
| **OHIO DEPT OF REHAB &** ) | |
| **CORRECTIONS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Richard Kiser filed this action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC"), ODRC Collegial Review Committee Director Andrew Eddy, ODRC Assistant Chief Inspector Karen Stanforth, and Lorain Correctional Institution ("LORCI") Health Care Administrator Tracy Myers. In the Complaint, Plaintiff alleges a surgical implant that he received in 2015 has been recalled and is causing him pain. He contends the Defendants will not approve surgery to remove it, in violation of his Eighth and Fourteenth Amendment rights. He seeks monetary and injunctive relief.

## I. BACKGROUND

Plaintiff alleges he received a mesh surgical implant to repair a hernia in 2015. He contends that four months after his surgery, he complained to prison personnel at the Marion

Correctional Institution ("MCI") that his was feeling severe pain and numbness in his left side and left groin area. He indicates medical personnel at MCI sent him to Marion General Hospital in April 2016. He contends medical personnel told him his body knew the mesh was not supposed to be there and it would take time for his body to adjust.

Plaintiff was transferred to the Lorain Correctional Institution ("LORCI") in October 2018. He contends the condition became worse after he sustained an injury to that area working as a porter. He states he complained numerous times to LORCI medical staff about the pain he was experiencing in his left side and groin area and asked to see a doctor and to have his bottom bunk restriction renewed. The kite he sent to Myers indicates he was seen by a nurse and a nurse practitioner who diagnosed his issues as back problems. Plaintiff states he was sure it was the surgical mesh. He claims Myers responded to his kites assuring him that his bottom bunk restriction was in place but ignoring his requests to see a doctor.

In May 2019, Plaintiff learned from a prison nurse practitioner that the SURGIPRO mesh hernia implant which he received had been recalled. The nurse practitioner who had been treating him requested two surgical consults for Plaintiff in May 2019. Both consults were denied by the ODRC Collegial Review Committee. He sent an inquiry regarding the status of his surgical consult requests and was informed of the denials by Health Care Administrator Tracy Myers. The ODRC determined that the recall was more of a legal issue than a medical issue and advised Plaintiff to seek the advice of an attorney. He contends he filed grievances concerning the medical treatment he was receiving. He states Chief Inspector Karen Stanforth determined the medical staff at LORCI was addressing his condition. Specifically, she stated:

> Additionally, during your on-going evaluations you have
> complained of burning pain occurring no particular time of day or

> other precipitating factors and during your physical assessments
> you have had no reports of redness or swelling.  You have also
> had no complaints of urinary symptoms which can be typical with
> inguinal issues, and lastly, no mobility issues have been
> identified.  The medical staff have educated you on a treatment
> plan including the avoidance of heavy lifting and also the fact
> narcotics are not recommended for long term pain management.
> You have been provided OTC pain meds and also instructed to
> purchase them in the commissary when those provided were
> depleted as per 68-MED-11 and Medical-Protocol B-10.  While
> you insist you were not seen by a physician on 5/14/19, there is
> documentation in your medical file stating you were seen by an
> advanced level provider on this date when you were advised the
> most recent consult inquiry submitted was again denied by the
> Collegial Review Committee for the previous policy and legal
> reasons.  Your last visit in medical concerning the implant was on
> 6/6/19 when you verbalized pain with lifting and you were
> instructed not to lift anything over 10 pounds, you were provided
> OTC pain medication and you were advised to notify medical if
> you notice a change in your condition.

(Doc. No.  1-1 at 20).

Plaintiff contends that while the issue of who is responsible for the recalled implant is a legal one, the ODRC is still cannot be deliberately indifferent to a serious medical needs.  He claims he is in pain and denies that he has received appropriate treatment, which he contends requires surgical removal of the mesh implant.  He asserts claims under the Eighth and Fourteenth Amendments.  He seeks monetary and injunctive relief.

## II.  LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*,

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Eleventh Amendment**

To the extent Plaintiff is seeking monetary damages, he cannot proceed with his claims against the ODRC or any of the Defendants in their official capacities. An official capacity damages action against a state officer is the equivalent of a damages action against the state.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment is an absolute bar to the imposition of liability upon states and state agencies. *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

**Eighth Amendment**

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute serious health threats, but does not address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and

unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, there appears to be a difference of opinion as to what is causing Plaintiff's symptoms and how to best address them. Plaintiff believes the mesh implant is the cause of his pain. The medical personnel treating him are not convinced that the implant is the problem noting that he does not report redness or swelling, and does not complain of urinary symptoms or mobility issues. The pain occurs at no particular time of day and with no specific precipitating factors. He indicates his symptoms got worse when he lifted a heavy bucket in the course of his duties as a porter. He has been advised to avoid heavy lifting, and to take over-the-counter medication for pain. Plaintiff believes he should have surgery to remove the mesh. The ODRC has taken the position that it will not authorize surgery to remove the mesh if the sole reason for the removal is the recall. The prisoner must require surgery based on his medical condition. The Collegial Review Board reviewed his medical records and concluded

that surgery was not medically necessary at this time. Differences of opinion do not rise to the level of an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

The question for Eighth Amendment analysis is not whether the Plaintiff is receiving the treatment he wants, but rather whether the Defendants have been deliberately indifferent to a serious medical condition in the treatment medical personnel are providing to him. Claims that amount to medical malpractice are not sufficient to rise to the level of a constitutional violation. *Id.* For the Defendants' actions to be considered to be an Eighth Amendment violation, the treatment provided must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hosp*. 286 F.3d 834, 844 (6th Cir. 2002). There is nothing in the Complaint that suggests that the more conservative, non-surgical treatment he is receiving is so grossly incompetent or inadequate that it is shocking to the conscience.

Finally, Plaintiff's due process claim is duplicative of his Eighth Amendment claim. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). Where a specific Amendment "provides an explicit textual source of constitutional protection" against a particular sort of governmental conduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."

### **III. CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith.[1]

    IT IS SO ORDERED.

Date: February 28, 2020                      s/Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.